## Isaac C. Ives *vs.* Franklin Sturgis.

The goods of W. were attached in a suit brought against him by B., and S. gave a receipt therefor to the officer: W. was afterwards declared a bankrupt, under the United States bankrupt law of 1841, and received his discharge: B. prosecuted his suit against W., who relied, in defence, on his discharge; but the jury found that the discharge was void for fraud, and returned a verdict for B.: The officer then brought an action against S., on his receipt. *Held*, that B.'s lien on the goods acquired by his attachment was not discharged, and that S. was answerable on his receipt.

Assumpsit on a receipt given by the defendant for property attached by the plaintiff, a deputy sheriff, in a suit brought by John P. Beekman against George Wilson. The case was submitted to the court upon the following agreed facts :

"The defendant executed the receipt declared on, and the plaintiff demanded of him the property mentioned therein, before this action was brought, viz. on the 5th of October 1846. The action of John P. Beekman, against George Wilson, on which the plaintiff attached said property, was commenced at the June term of the court of common pleas, in 1842, and was tried at the October term of that court, in 1844. Said Wilson pleaded in bar, that he had been discharged of his debts, including the one sued in that action, by force of the United States bankrupt act of 1841. The said Beekman replied, that said discharge was void for fraud upon said act by said Wilson, and a verdict of the jury found that it was so void. Said Wilson filed exceptions to the ruling of the judge, which were overruled by the supreme judicial court, at September term 1846, (9 Met. 434,) and judgment was rendered on the verdict, for said Beekman, for \$665·06 damage, and \$78·58 costs ; and execution issued on that judgment, which is wholly unsatisfied

" In this action, the said Sturgis defends on the ground that, by force of the proceedings under the bankrupt law, the attachment of the property, for which the receipt sued on was given, was dissolved, and so said Ives has no claim to the property. The attachment was made on the 12th of March 1842, and while the action was pending, viz. on the 17th of August 1842, said Wilson made oath to his petition in bankruptcy, and the same was filed in the office of the district clerk on the 31st of said August. Said Wilson was decreed a bankrupt on the 8th of November 1842, and an assignee of his estate was · appointed by the district court of the United States, and that court, before the trial of the aforesaid action, granted to said Wilson a certificate of discharge under the. said bankrupt act."

Upon these facts the agreement of the parties was, that if the plaintiff was entitled to recover, judgment should be rendered for him for the amount of the aforementioned judgment recovered by Beekman against Wilson ; otherwise, that the plaintiff should become nonsuit.

*Byington,* for the defendant, cited *Foster's case* and *Cook's case,* 2 Story R. 131, 376 ; and *Allen's case,* 5 Law Reporter, 362.

*Porter & F. Chamberlain,* for the plaintiff.

SHAW, C. J. The only question in the present case is, whether, upon the facts shown, the attachment on mesne process, made by the plaintiff, before his debtor became bankrupt, was dissolved by his subsequent bankruptcy, under the law of the United States, before the cause came to trial.

It is very doubtful whether the doctrine held by Mr. Justice Story, in the cases cited in the argument, would have availed the defendant, if applied to the present case. His ground was, not that the decree declaring one a bankrupt, nor the bankrupt law itself operating upon such decree, nor the assignment made in pursuance of it, for the general benefit of creditors, effected a dissolution of the attachment ; but that the debtor might proceed and obtain his discharge, and plead that discharge in bar of the action generally ; and so,

without obtaining judgment and execution, the plaintiff's attachment on mesne process must fall of course. But in the present case, though a formal discharge was obtained, the validity of it has been put in issue and tried, and it has been found to be void, and so cannot avail to bar the plaintiff's action. We believe it has been nowhere decided, that where an attaching creditor could perfect his lien by a judgment and execution, notwithstanding the bankruptcy, such an attachment was not a lien coming within the excepting clause, of the bankrupt law.

But the case of the plaintiff is well sustained on the broader ground taken by this court, that when the discharge is valid, and cannot be avoided on the ground of fraud or otherwise, still an attachment of property, on mesne process, before the bankruptcy, is a lien recognized by the laws of this Common-wealth, excepted, by its terms, out of the operation of the bankrupt law, and saved to the attaching creditor; and that, when necessary, he may have a special judgment and execution, to enable him to avail himself of it, leaving the discharge to have its full force and effect, in barring a general judgment, and all other legal remedies. *Davenport* v. *Tilton*, 10 Met. 320. [See also *Peck* v. *Jenness*, 7 Howard, 612.]

*Judgment for the plaintiff.*